*168
Curia, per

O’Neill, J.
Before the Act of 1839, p. 42,(a) there was no law which required the sheriff to keep a sales book. It may be since the passage of that Act, that to charge a purchaser, at sheriff’s sale, the entry must be found in the book thus directed to be kept. The sales in these cases were before the passage of that Act, and must be decided without any reference to it.
The cases of Hall vs. O’Hanlon, (2 Brev. R. 46,) and of Gardner vs. Saunders, (ib. 180,) in supporting sales made by the sheriff, referred to the vendue Act, and in analogy to it, it was said that “ sheriffs who keep regulaf books, and accounts of sales, and are public officers, acting under the sanction of an oath, and the confidential servants of the community, may be fairly considered as quasi vendue masters, in relation to their sales under execution.” In Minter vs. Dent, (2 Bail. 292,) it was held that the provisions of the vendue Act, requiring seven days’ notice of a re-sale, did not apply to sheriff’s sales. From that case, as well as the case of Day vs. Hendrix, decided in 1830, it will be seen, that the Court attached no other importance to the vendue Act, than as in support of the common law rule, that an auctioneer is an agent of the vendor and vendee, so as to bind them by the entry of sale. Meadows vs. Meadows, (3d McCord, 458.) In the Court of Equity, the sales by the commissioner, or master, are very analogous to sales made by the sheriff at law. In that Court, in the case of Gordon vs. Saunders and others, it was ruled, that where the commissioner kept no sales book, a sale of land made by him, and entered upon a loose slip of paper, which had been lost, should be enforced, (2 McC. C. R. 164.) That *case goes much further than the cases now before us. For here the entries are found in the sheriff’s execution book. This was as much as could be asked, even under the vendue Act; for that Act only requires the sale to be entered in the books of the vendue master. If the sheriff is a vendue master, his execution book, before 1839, was quite sufficient for his entry of sale. But I think, as I have before said, that no other importance should be attached to the vendue Act, in this class of cases, than as furnishing a reason why we should support, at common law, sheriff’s sales, when evidenced by a written entry made by the sheriff. The entry of the sale on the execution being a proper return to it, might, I think, before 1839, be very properly regarded as a sufficient entry to bind the purchaser. For in the absence of any other law, requiring a different entry, the statute of frauds would be satisfied by such an one.
I do not think, that to make the former purchaser liable, the re-sale was required to be entered. It is sufficient if a re-salc has in fact been made, and complied with ; for the purchaser’s liability depends on the sale to himself; if that be sufficiently entered, he is charged upon it. The re-sale is only resorted to, to ascertain the damages sustained on the sale by the purchaser’s failure to comply. That made, and complied with, might be proved even without an entry. The note or memorandum required by the statute, is sufficiently signed, if the name of the party to be charged is signed by himself, or by some one authorized by him. The entry of the sale made by the sheriff, containing the name of the purchaser, is as effectual a signing, as if the sheriff had written the name of *169 the purchaser to a formal contract to buy. The sheriff's execution book is, on account of its official character, received in evidence, as proving, in general, the official entries contained in it. So, too, an entry on an execution is admissible in evidence, as part of the record.
See Christie vs. Simpson, 1 Rich., 408. Elfe vs. Gadsden, 2 Rich., 378; 1 Strob., 230. Yongue vs. Cathcart, 2 Strob., 222; 3 Strob., 306. An.
Wright and Me Mullan, for the motion,
submitted the case, f after reading the brief) without argument.
J. Z. Hammond, contra,
was absent.
The motions to set aside the nonsuits are granted.
The whole Court concurred.

 11 Stat., 37, § 6. An.